IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. SYRUS, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-504-D |
| | ) | |
| NATIONAL BASKETBALL ASSOCIATION, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Plaintiff Charles A. Syrus Jr., who appears *pro se*, has initiated this action by filing a two-page document titled "Complaint" that is hard to decipher and largely unintelligible.[1] The first page refers to a prior case, *Syrus v. Professional Basketball Club, LLC*, Case No. CIV-12-678-D (W.D. Okla. July 23, 2012), *appeal dismissed*, No. 12-6219 (10th Cir. Oct. 11, 2012), which was dismissed as frivolous and as barred by an earlier case, *Syrus v. Bennett*, Case No. CIV-10-1116-D, 2011 WL 1515613 (W.D. Okla. April 19, 2011), *aff'd*, 455 F. App'x 806 (10th Cir. 2011). The second page consists of disjointed notes about various matters, including constitutional rights of criminal defendants.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief;

---

[1] Mr. Syrus also purports to bring the action on behalf of "Annetta F. Syrus, deceased." However, a non-attorney cannot represent others in court, and only a natural person (not a decedent's estate) may appear *pro se*. *See* LCvR17.1.

and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court finds that Plaintiff's Complaint does not come close to stating a plausible claim against any defendant. Although it is impossible to tell exactly what relief Plaintiff seeks, it appears he wishes to relitigate Case No. CIV-12-678-D because he demands "an en banc jury trial and court date for oral arguments and reverse and remand review of Case # CIV-12-678 R."[2] *See* Compl. at 1 (first line). Also, Plaintiff purports to assert claims against the assigned magistrate judge in that case, United States Magistrate Judge Gary Purcell, who enjoys judicial immunity from suit. Because Case No. CIV-12-678-D was dismissed with prejudice as frivolous, and because Plaintiff is attempting to take further action regarding the case or against an immune defendant, the Court finds that giving Plaintiff an opportunity to amend his pleading would be futile. Therefore, the Court finds that this action should be dismissed with prejudice.[3]

IT IS THEREFORE ORDERED that the action is DISMISSED WITH PREJUDICE to a future refiling. A separate order of dismissal shall be entered.

---

[2] The case was originally assigned to Judge Russell, and the letter at the end of the case number was changed from "R" to "D" upon reassignment.

[3] "A district court may dismiss [*sua sponte*] under § 1915 for failure to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

IT IS FURTHER ORDERED that Plaintiff's Application [Doc. No. 2] to proceed *in forma pauperis* and his Motion [Doc. No. 4] for "an en banc trial" are DENIED as moot.

IT IS SO ORDERED this 6th day of June, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE